IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

700 UPPER APPLEGATE ROAD,
JACKSONVILLE, JACKSON COUNTY,
STATE AND DISTRICT OF OREGON,
REAL PROPERTY WITH BUILDINGS,
APPURTENANCES, AND
IMPROVEMENTS, and,

746 APPLEGATE ROAD,
JACKSONVILLE, JACKSON COUNTY,
STATE AND DISTRICT OF OREGON,
REAL PROPERTY WITH BUILDINGS,
APPURTENANCES AND
IMPROVEMENTS, *in rem*,

          Defendants.

3:12-cv-01997-MA

OPINION AND ORDER

S. AMANDA MARSHALL
United States Attorney
AMY E. POTTER
Assistant United States Attorney
405 East Eighth Avenue, Suite 2400
Eugene, Oregon 97401

    Attorneys for Plaintiff

///

1 - OPINION AND ORDER

MICHAEL R. LEVINE
Levine & McHenry, LLC
1001 Southwest Fifth Avenue, Suite 1414
Portland, Oregon 97204

    Attorney for Claimant Day W. Boddorff

ROBERT L. ABEL
220 Laurel Street
Medford, Oregon 97501

    Attorney for Claimant Melissa Jean Yager

DAVID J. BOULANGER
ROCHELLE L. STANFORD
Pite Duncan, LLP
621 Southwest Morrison Street, Suite 425
Portland, Oregon 97205

    Attorneys for Claimant PNC Mortgage

MARSH, Judge

    The United States of America brings this civil forfeiture action pursuant to 18 U.S.C. § 981, 28 U.S.C. §§ 1345, 1355, 1356 and 1395. Currently before the court is the government's motion to stay this action. For the reasons set forth below, the government's motion to stay is granted, and this proceeding is stayed for a period of 120 days from the date of this order.

## BACKGROUND

    The government seeks the forfeiture of two parcels of land allegedly used or intended to be used to commit or facilitate a drug transaction. The alleged probable cause for the seizure of the property is set forth in the declaration of Clark Wheeler,

2 - OPINION AND ORDER

Special Agent, United States Department of Justice, Drug Enforcement Administration.

As of the date of this order, three claimants have filed claims to at least one of the defendant properties. The forfeiture of both properties is contested. Only claimant Day W. Boddorff, who filed a claim on the 746 Applegate Road property, opposes the government's motion to stay.

## **DISCUSSION**

Pursuant to 18 U.S.C. § 981(g)(1), "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." If the government requests a stay, it may "submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5).

A related criminal investigation or proceeding is defined as "an actual prosecution or investigation in progress at the time at which the request for the stay . . . is made." 18 U.S.C. § 981(g)(4). Among the factors the court is to consider to determine whether the criminal proceeding or investigation is related are "the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without

3 - OPINION AND ORDER

requiring an identity with respect to any one or more factors." Id. A stay may be granted regardless of whether the opposing claimant is a target of the criminal investigation or a defendant in the criminal case, so long as the government meets its burden of demonstrating that civil discovery will adversely affect a related criminal investigation or proceeding. See United States v. Approx. $69,577 in U.S. Currency, No. C 09-0674 PH, 2009 WL 1404690, at *3 (N.D. Cal. May 19, 2009); United States v. Assorted Firearms-Motorcycles and Other Personal Property, 677 F.Supp.2d 1214, 1216 (C.D. Cal. 2009).

The government moved for a stay in this case, and filed an *ex parte* affidavit from Special Agent Wheeler, asserting that discovery in the instant civil forfeiture proceeding will adversely affect a related ongoing criminal investigation. Claimant Boddorff, through counsel, has served a request for production on the government, requesting, among other documents:

1. The affidavit or declaration and accompanying exhibits underlying the search warrant, issued about September 17, 2012, by the Honorable Mark D. Clarke, that authorized the search of 700 and 746 Upper Applegate Road, Jacksonville, Oregon.

2. A copy of all oral, written, or recorded statements made by Day Boddorff to any law enforcement officer on the date the search warrant was executed (about September 18, 2012), or on any subsequent date.

3. A copy of all oral, written, or recorded statements made by James Bowman to any federal, state, or local law enforcement officer that relate in any

way to the alleged growing of marijuana at 700 or 746 Upper Applegate Road, Jacksonville, Oregon.

* * *

8. A copy of all records from Oregon Medical Marijuana Program (OMMP) referred to in paragraphs 24 and 27 of the declaration of DEA Agent Clark Wheeler, executed on November 5, 2012 (Exhibit A to the Complaint).

9. A copy of all reports prepared by any federal, state, or local law enforcement agency relating to the alleged growing of marijuana at 700 and 756 Upper Applegate Road, Jacksonville, Oregon.

Mr. Boddorff makes several arguments in opposition to the government's motion to stay. First, Mr. Boddorff argues that the government has not met its burden of demonstrating that a stay is necessary to prevent adverse effects on a related criminal case or investigation. Second, Mr. Boddorff suggests that the court should not accept the representations made by Special Agent Wheeler in the *ex parte* affidavit submitted in support of the government's motion, but rather should hold an evidentiary hearing. Third, Mr. Boddorff submits that the stay is inappropriate because it impairs his ability to give a mortgage on the property or apply for a government grant to upgrade the property. Fourth, Mr. Boddorff argues that the court should deny the stay because the government has unclean hands. Fifth, Mr. Bodorff maintains that a protective order is sufficient to protect the government's interest. Finally, Mr. Boddorff asserts that the court should limit the length of any

5 - OPINION AND ORDER

stay to 45 days or require periodic status reports on the continuing need for a stay.

Upon review of the parties' submissions, including Special Agent Wheeler's *ex parte* affidavit submitted with this motion, and the declaration in support of the Complaint *in rem* for Forfeiture, I find that the government has demonstrated that civil discovery in this case will adversely affect an ongoing related criminal investigation. Mr. Boddorff has already sought very broad discovery in the instant action, and the disclosure of many of the documents sought would very likely adversely affect the government's ongoing related criminal investigation. I further find that a protective order would be insufficient to protect the government's interest in completing the related criminal investigation.

Mr. Boddorff relies on United States v. Real Property and Premises Located at 216 Kenmore Avenue for the proposition that the government "cannot discharge its burden by claiming that the discovery process could, theoretically, impair the criminal case." 657 F.Supp.2d 1060, 1063 (D. Minn. 2009). While I agree with the general proposition, as the 216 Kenmore Avenue court noted, courts have granted stays in two types of cases: first, where the parties have served discovery requests before the government sought the stay; and second, where the government has submitted an *ex parte* affidavit demonstrating that civil discovery might impair the

6 - OPINION AND ORDER

criminal investigation. <u>Id.</u> at 1064. This case falls into both categories described by the <u>216 Kenmore Avenue</u> court, as Mr. Boddorff has served broad discovery requests on the government, and the government has submitted an *ex parte* affidavit demonstrating that civil discovery is likely to impair a related criminal investigation.

I am mindful of Mr. Boddorff's interest in concluding this proceeding in a timely manner, but I find that a stay is nonetheless appropriate for the reasons stated above. The prejudice to Mr. Boddorff is mitigated, and his constitutional rights are protected, by the definite duration of the stay. Mr. Boddorff has cited no authority, and the court has found none, for the proposition that unclean hands is a basis upon which the court may deny a stay that the government is otherwise entitled to under § 981(g)(5). In any case, I find that Mr. Boddorff has failed to make a colorable showing of unclean hands.

In sum, I conclude that the government has demonstrated that discovery in this civil forfeiture proceeding will adversely affect the government's ability to prosecute the related criminal investigation. I find that a stay of 120 days from the date of this order is sufficient, but not greater than necessary, to protect the government's interest in prosecuting the related criminal investigation.

///

7 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, the government's motion to stay (#9) is GRANTED. This action shall be stayed for a period of 120 days from the date of this order.

IT IS SO ORDERED.

DATED this **24** day of April, 2013.

                                    *Malcolm F. Marsh*
                                    Malcolm F. Marsh
                                    United States District Judge